UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

ISMOILJON SULTONKULOVBY, *by and through his next of kin and authorized agent, Bahora Ibragimova*,

Petitioner,

v.

Kristi Noem, *Secretary of the U.S. Department of Homeland Security*; Pamela Bondi, *Attorney General of the United States*; Todd Lyons, *Acting Director, Immigration and Customs Enforcement, in his official capacity*,

Respondents.

Case No.:  26-CV-171 TWR (DEB)

**ORDER DISMISSING PETITION WITHOUT PREJUDICE**

(ECF No. 1)

Presently before the Court is Petitioner Ismoiljon Sultonkulovby's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 ("Pet.," ECF No. 1) and Respondents' Response to Petition ("Resp.," ECF No. 5.)  This Petition was filed pro se on behalf of Ismoiljon Sultonkulovby by and through his mother Bahora Ibragimova. (*See generally* Pet.)  A "next friend" may be permitted to file a habeas action on behalf of another individual.  *See* 28 U.S.C. § 2242 ("Application for a writ of habeas corpus shall be in writing signed and verified by the person for whose relief it is intended or by someone acting in his behalf.").  However, to establish next-friend standing, the next-friend must

1

show: "(1) that the petitioner is unable to litigate his own cause due to mental incapacity, lack of access to court, or other similar disability; and (2) the next friend has some significant relationship with, and is truly dedicated to the best interests of, the petitioner." *Coalition of Clergy, Laws., & Professors v. Bush*, 310 F.3d 1153, 1159–60 (9th Cir. 2002) (citation omitted).  The burden is on the next friend to clearly "establish the propriety of his status and thereby justify the jurisdiction of the court." *Whitmore v. Arkansas*, 495 U.S. 149, 164 (1990) (citation omitted).  Under prong one, Ms. Ibragimova states she brings the Petition in "next friend" capacity because "Petitioner is detained, has limited access to legal resources, and is unable to meaningfully prepare or file pleadings on his own behalf." (Pet. ¶ 2.)  This statement is generally applicable to all habeas petitioners and therefore does not provide "meaningful evidence that petitioner is suffering from a mental disease, disorder, or defect that substantially affects his capacity to make an intelligent decision." *Florez Perez ex rel. Tello v. Bondi*, No. 25-CV-3820-AGS-MSB, 2025 WL 3769995, at *1 (S.D. Cal. Dec. 31, 2025) (quoting *Dennis ex rel. Butko v. Budge*, 378 F.3d 880, 889 (9th Cir. 2004)).

More problematically, under Civil Local Rule 83.11, any person appearing pro se "must appear personally for such purpose and may not delegate that duty to any other person, including husband or wife, or another party on the same side appearing without an attorney." *See also Simon v. Hartford Life, Inc.*, 546 F.3d 661, 664 (9th Cir. 2008) ("It is well established that the privilege to represent oneself *pro se* provided by § 1654 is personal to the litigant and does not extend to other parties or entities.").  Therefore, even assuming Ms. Ibragimova has met her burden of establishing next friend standing for Mr. Sultonkulov, she cannot prosecute this action pro se on her son's behalf and dismissal without prejudice is appropriate. *See Pinson v. Blanckensee*, 834 F. App'x 427, 428 (9th Cir. 2021) (finding that the "district court properly dismissed the action" because the putative next friend "failed to meet the requirements for next-friend standing under § 2242" and as "a non-attorney, cannot represent others in court").  To properly bring a petition,

Ms. Ibragimova must secure licensed counsel, or Mr. Sultonkulov must appear pro se on his own behalf.

For the foregoing reasons, the Court **DISMISSES** the Petition (ECF No. 1) **WITHOUT PREJUDICE**. The Clerk of Court **SHALL** close the case and **MAIL** a copy of this Order to Ms. Ibragimova. Respondents **SHALL** serve a copy of this Order on Mr. Sultonkulovby. If an amended petition is filed that corrects the issues identified above, the Court will reopen the case.

**IT IS SO ORDERED.**

Dated:  January 27, 2026

Honorable Todd W. Robinson
United States District Judge

26-CV-171 TWR (DEB)